THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and<br>WILLIAM RICHARDSON, JR. | : | |
| vs. | : | C.A. NO.: 04-74ML |
| NATIONWIDE MUTUAL INSURANCE<br>COMPANY | : | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND AND RECONVENE DEPOSITION AND/OR PRECLUDE TESTIMONY AT TRIAL**

Now comes your Plaintiffs, Karen Richardson and William Richardson, Jr., in the above-entitled matter and move for an Order of this Court compelling the Defendant, Nationwide Mutual Insurance Company, to produce the file of Nationwide Insurance Adjuster, Andy Weber, including all computer generated files concerning the Plaintiffs' claim, as well as a privilege log identifying any documents which the Defendant asserts a privilege pursuant to Rule 26, and reconvene the deposition of Andy Weber and/or in the alternative for an Order of the Court precluding testimony from Andy Weber, or any other agent or employee of the Defendant, Nationwide Mutual Insurance Company, the Plaintiffs' claim at the trial in this matter. As grounds for their Motion, the Plaintiffs rely on the attached Memorandum of Law, which is filed herewith.

Plaintiffs,
By and Through Their Attorney,

Thomas A. Tarro

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I sent a copy of the foregoing Motion to Expedite Hearing on the 29 day of August, 2005 to:

John Boland, Esq.
170 Westminster Street
Providence, RI 02903

Judy Tarro

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and<br>WILLIAM RICHARDSON, JR. | : | |
| vs. | : | C.A. NO.: 04-74ML |
| NATIONWIDE MUTUAL INSURANCE<br>COMPANY | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RECONVENE DEPOSITION AND/OR TO PRECLUDE TESTIMONY AT TRIAL**

Now comes your Plaintiffs, in the above-entitled matter, and move for an Order of this Court compelling the Defendant, Nationwide Mutual Insurance Company, to produce the file of Nationwide Insurance Adjuster, Andy Weber, concerning the Plaintiff's claim, including any computer generated files related thereto, as well as a privilege log, identifying those documents within the file which Defendant asserts a privilege pursuant to Rule 26 of the Federal Rules of Civil Procedure and order that the deposition of Andy Weber be reconvened, or, in the alternative for an Order of the Court precluding Andy Weber or any other agent/employee of Defendant, Nationwide Mutual Insurance Company from offering testimony at trial concerning the Plaintiffs' claim.

## I. FACTUAL BACKGROUND

This matter arises out of an insurance claim made by the Plaintiffs against the Defendant, Nationwide Mutual Insurance Company, as a result of a fire loss sustained at property owned by the Plaintiffs at 1933 Middle Road in East Greenwich, Rhode Island.

Said property consisted of a single family dwelling and a detached three-bay garage and cabana.

The Plaintiffs are the owners of a business known as "A Wooden Duck", which sells unfinished and finished wood furniture and other items. The Plaintiffs utilize the three-bay garage at the Middle Road property for business purposes and operations, and particularly, as a storage for stock consisting of unfinished wooden furniture and as a work shop to assemble unfinished wooden furniture and sanding, painting and staining.

On June 21, 2002, a fire destroyed the three-bay garage, which contained the Plaintiffs' business property.

On said date, the Defendant, Nationwide Mutual Insurance Company had provided a business insurance policy to the Plaintiffs' business, "A Wooden Duck". Moreover, the property at 1933 Middle Road, East Greenwich, Rhode Island, including the three-bay garage was included as a second location under the Nationwide policy.

Subsequent to the fire, the adjuster for Nationwide, Andy Weber, surveyed the loss at 1933 Middle Road. Shortly thereafter, the Defendant issued a check in the amount of $5,000.00 to the Plaintiffs under the policy.

Subsequently, the Plaintiffs filed a Proof of Loss, which was rejected by the Defendant on February 23, 2004.

Pertinent to the instant Motion, the deposition of the adjuster, Andy Weber, took place on August 23, 2005. The Notice of Deposition included a request that the deponent bring with him to the deposition all of the document file, including computer generated files

related to the loss of the Plaintiffs at property located at 1933 Middle Road in East Greenwich, Rhode Island; date of loss: June 21, 2002.

Defense counsel filed no objection to the Plaintiffs' Notice of Deposition, and particularly, the documents that the deponent was requested to bring with him to said deposition.

On August 23, 2005, Andy Weber appeared for his deposition at the law offices of Plaintiffs' counsel. He failed to bring with him to the deposition, his file, including his computer generated file regarding the Plaintiffs' claim, nor did defense counsel provide a privilege log identifying documents within said file, which he claimed a privilege, in accordance with the provisions of Rule 26.

Plaintiff's counsel was forced to suspend the deposition of Mr. Weber because he was unable to answer even the simplest question posed to him concerning the claim. Along these lines, Mr. Weber was unable to state the date that he first spoke with the insured, the date on which he inspected the property after the fire loss, the date that the $5,000.00 check was issued to the Plaintiffs and on what provision of the policy was the payment made.
The deponent did testify that the information necessary to answer the questions made of him by Plaintiffs' counsel were within his files regarding the Plaintiffs' claim. Plaintiff now seeks an Order of the Court compelling the Defendant to produce the file of Andy Weber, including his computer generated file, concerning the Plaintiffs' claim, as well as a privilege log identifying any documents contained therein which Defendant asserts a privilege pursuant to Rule 26, and order the deposition of Andy Weber to be reconvened or in the

alternative, an Order of the Court precluding Mr. Weber or any other agent or employee of Nationwide from testifying concerning the Plaintiff's claim at trial.

## II. ARGUMENT

**A. AS A RESULT OF THE DEFENDANT'S FAILURE TO PRODUCE THE PLAINTIFFS' FILE AT THE DEPOSITION OF ADJUSTER ANDY WEBER, THE PLAINTIFF HAS BEEN SUBJECTED TO INJUSTICE AND UNDUE PREJUDICE, THEREBY OVERCOMING ANY QUALIFIED PRIVILEGE PERTAINING TO THE DOCUMENTS CONTAINED IN SAID FILE, INCLUDING COMPUTER GENERATED DOCUMENTS CONCERNING THE PLAINTIFFS' CLAIM.**

Plaintiffs submit that the Defendant's failure to produce the file of adjuster Andy Weber at his deposition, including his computer generated file, has resulted in an injustice and undue prejudice to the Plaintiffs justifying an Order compelling the Defendant to produce the file related to Plaintiff's case, as well as a privilege log identifying all documents to which the Defendant asserts a privilege pursuant to Rule 26 of the Federal Rules of Civil Procedure.

The case law is well settled in that so long as liability under a contract for insurance is at issue, some but not all documents in the insurance file are protected by a qualified privilege. Bartlett v. John Hancock Mutual Life Insurance Co., 538 A.2d 997, 999 (RI 1988). As such, documents prepared in anticipation of litigation maintained in an insurance file are entitled to a qualified privilege under Rule 26(b)(2). The right to compel production of said materials is subject to the qualified privilege, unless the moving party can demonstrate injury or undue hardship. Pennsylvania General Insurance Co. v. Becton, 475 A.2d 1032, 1035 (RI 1984)

The determination as to whether a privilege should be overcome by showing of undue prejudice by the moving party is vested in the sound discretion of the trial justice, who should look at the facts and circumstances of each case in arriving at an ultimate conclusion. Fireman's Fund Insurance Co. v. McAlpin, 120 RI 744, 391 A.2d 84, 90 (RI 1978)

In the instant matter, Plaintiffs submit the failure of the Defendant to produce the insurance file of Adjuster, Andy Weber, at his deposition, including his computer generated file, has resulted in injustice and undue prejudice to the Plaintiff, in that the Plaintiffs' counsel was unable to conduct any meaningful inquiry of Mr. Weber at his deposition. Indeed, Mr. Weber could not even answer the most fundamentally basic questions posed to him at the deposition concerning the Plaintiffs' claim and if the file were available he could have reviewed his file and answer the questions as posed.

At his deposition, although Mr. Weber acknowledged that he did not know the answers to the questions posed, he did testify that the answers were within his claim files.

From a practical standpoint, your Plaintiffs submit that much of the information sought at the deposition of Mr. Weber, which is contained in his files, relate to documents that were prepared in the ordinary course of business – such as correspondence to the insured - and therefore are not subject to the qualified privilege extended to documents prepared in anticipation of litigation. Indeed, documents which reference the date that the adjuster was first given notice of the Plaintiffs' loss, as well as the date that he inspected the fire loss were prepared in the ordinary course of business, and not in response to threat of litigation. Moreover, the time element, with respect to this information further supports the Plaintiffs'

position that the documents related to this line of inquiry are discoverable and not entitled to qualified privilege. Pennsylvania General Insurance Co. v. Becton, 475 A.2d at 1036-7.

Aside from the Plaintiffs' argument that some of the documents contained in the Plaintiffs' file of the adjuster, Andy Weber, including his computer generated file, were made in the ordinary course of business, and therefore, not entitled to qualified privilege. Plaintiffs further submit that due to the fact that Plaintiffs' counsel was totally precluded from conducting any meaningful inquiry of the adjuster, Andy Weber, at his deposition, the Plaintiffs have been subjected to injustice and unfair prejudice, thereby warranting an Order compelling the Defendant to produce the entire file, including the computer generated file, and reconvene the deposition of Mr. Weber.

The information that Plaintiffs sought from the adjuster, Andy Weber, can not be obtained from any other source. Moreover, as acknowledged by Mr. Weber at his deposition, although he did not have the answers to the questions within his independent recollection the information necessary to respond to the Plaintiffs' counsel line of inquiry, at his deposition, was within his files concerning the Plaintiffs' claim.

Plaintiffs submit that where the trial in this matter is scheduled to begin on September 13,2005 an order setting forth immediate compliance is required.

**B. IN THE ALTERNATIVE, THIS COURT SHOULD PRECLUDE ANY TESTIMONY FROM ANY WEBER, OR ANY OTHER AGENT OR EMPLOYEE OF DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY, CONCERNING THE PLAINTIFFS' CLAIM AT THE TRIAL IN THIS MATTER.**

In the event that the Court is not inclined to compel production of the Mr. Weber's file with respect to the Plaintiffs' claim, including his computer generated file, and order the

deposition of Mr. Weber to be reconvened the Plaintiffs seek an Order of the Court precluding Mr. Weber, or any other agent or employee of Nationwide Mutual Insurance Company, from testifying at the trial in this matter concerning the Plaintiffs' claim.

It is clearly within this Court's discretion to admit or exclude testimony at trial. Apostol v. United States, 838 F.2d 595, 599 (1st Cir. 1988); Salem v. United States Lions Co., 170 US 31, 35, 82 S. Ct. 119, 122 (1962)

In the instant matter, it is the Plaintiffs' position that, if the Court does not compel the production of Andy Weber's file concerning the Plaintiffs' claim, then Mr. Weber, and any other agent or employee of the Defendant, Nationwide Mutual Insurance Company, should be precluded from testifying concerning the Plaintiffs' claim at trial.

As stated previously herein, the Plaintiffs' counsel was unable to conduct any meaningful inquiry of Mr. Weber at his deposition due to his failure to bring his file, including his computer generated file, concerning the Plaintiffs' claim. Indeed, he was unable to respond to questions which were clearly not subject to any qualified privilege with respect to documents that would have been prepared in the ordinary course of his business as an adjuster for Nationwide Mutual Insurance Company. The Plaintiffs are unable to obtain this information from any other source. More importantly, it would be patently unfair to permit the testimony of Mr. Weber concerning his file as it relates to the Plaintiffs' claim at trial, where the Plaintiffs' counsel wasn't able to conduct any meaningful examination of Mr. Weber at his deposition. Accordingly, the Defendant should be precluded from offering testimony through Andy Weber, or any other agent or employee of Nationwide Mutual

Insurance Company, concerning the Plaintiffs' claim as it relates to the file of Mr. Weber, including his computer generated file.

## III. CONCLUSION

Based on the foregoing, Plaintiffs request an Order of this Court compelling the Defendant to produce the file of its adjuster, Andy Weber, concerning the Plaintiffs' claim, including the computer generated file, as well as a privilege log identifying those documents to which Defendant asserts a privilege pursuant to Rule 26 of the Federal Rules of Civil Procedure, and order the deposition of Mr. Weber to be reconvened and/ or, in the alternative, an Order of the Court precluding Andy Weber, or any other agent or employee of Defendant, Nationwide Mutual Insurance Company, from testifying at trial concerning said file as it relates to the Plaintiffs' claim.

Plaintiffs,
By and Through Their Attorney,

Thomas A. Tarro, III

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I sent a copy of the foregoing Memo in Support of their Motion to Compel on the 29 day of August, 2005 to:

John Boland, Esq.
170 Westminster Street
Providence, RI 02903

Judy Tarro