UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and WILLIAM RICHARDSON, JR. | : | |
| VS. | : | C.A. No.: 04-74ML |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND/OR PRECLUDE TESTIMONY**

Now comes the defendant, Nationwide Mutual Insurance Company, and objects to plaintiffs' motion for an expedited hearing and/or plaintiffs' motion to compel production and/or preclude testimony. Defendant attaches hereto a memorandum in support of its opposition to both of the plaintiffs' motions.

DEFENDANTS,
By their attorney,

John M. Boland, Esquire (#2945)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATION

I hereby certify that on this 2nd day of September, 2005, I mailed a copy of the within to Thomas A. Tarro, III, Esquire, The Law Firm of Thomas A. Tarro, III, Esq., The Summit East, Suite 330, 300 Centerville Road, Warwick, RI 02886.

Rachel Osborne

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and WILLIAM RICHARDSON, JR. | : | |
| VS. | : | C.A. No.: 04-74ML |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING AND ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND/OR PRECLUDE TESTIMONY**

The plaintiffs have filed a motion for an expedited hearing and motion to compel production of documents and/or preclude testimony. The defendant has filed an objection to these motions and would rely upon this memorandum in opposition to both motions.

This case stems from a June 21, 2002 fire loss. The defendant did not insure the structure that was engulfed in fire but only provided business owners' property coverage to this location. At the time of the loss, Adjuster Andy Weber was assigned to the case. Mr. Weber met with Mrs. Richardson on one occasion. He also viewed the loss scene that day. Due to the nature of the damages there was no inspection of any contents located at this location. Mr. Weber requested financial documents from the plaintiffs at that time. It is undisputed that from July, 2002, until January, 2004, Mr. Weber never received any documents whatsoever from the plaintiffs. It is also undisputed that other than several letters requesting this material and a telephone request nothing further was done by way of adjustment.

A proof of loss was submitted to Mr. Weber on January 30, 2004 by plaintiffs' counsel. A lawsuit was brought on March 5, 2004. Shortly after the lawsuit was answered, defendant's counsel requested a meeting with plaintiffs' counsel to have Mr. Weber explain to plaintiffs' counsel the travel of this case and what was needed to process this claim. Mr. Weber met in the presence of counsel and explained to plaintiffs' counsel his involvement in this case and the fact

that there was no adjustment as nothing was submitted by the Richardsons until the proof of loss was received in January, 2004. Mr. Weber also had an extended conversation with plaintiffs' counsel about the insurance coverages available, specific coverage language, limitations and what documentation would be required.

It should be noted that plaintiffs' complaint alleged bad faith. Defendant filed a motion to stay discovery on bad faith, which was granted on April 30, 2004. No relief from that order has been requested.

Since that point discovery has been ongoing concerning the securing of financial documents, depositions of the accountants as to their values and the plaintiffs.

Plaintiffs requested the deposition of Mr. Weber. Mr. Weber was in attendance. It was noted on the record that the plaintiffs' request for the claim file was improper. The appropriate privileges and Rhode Island Case Law were noted. This case involves a Rhode Island Insurance Contract. In *Scaling v. Aetna Ins. Co.*, 799 A.2d 997 (R.I. 2002), the Rhode Island Supreme Court stated:

> "...the insurer is not required to produce its claim file until the breach of contract claim has been resolved, otherwise, privileged material may be disclosed which would jeopardize the insurance company's defense." *Id* at 1004.

Here plaintiffs and their counsel were aware of only one visit by Mr. Weber. Plaintiffs were also aware that there was no documentation that was ever provided until January, 2004, when plaintiffs retained counsel. Plaintiffs' counsel terminated the deposition prior to asking any questions on the policy or on the documentation that was provided after January, 2004.

Subsequent to the deposition plaintiffs' counsel prepared a Privilege Log. A copy of that Privilege Log is attached. A copy of the items for which no privilege was claimed has been provided.

Defendant would note that it would make Mr. Weber available prior to trial for a continued deposition. However, the defendant would respectfully object to the production of those items in the Privilege Log for which a privilege is asserted.

Respectfully submitted,

John M. Boland, Esquire (#2945)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATION

I hereby certify that on this 2nd day of September, 2005, I mailed a copy of the within to Thomas A. Tarro, III, Esquire, The Law Firm of Thomas A. Tarro, III, Esq., The Summit East, Suite 330, 300 Centerville Road, Warwick, RI 02886.

**RICHARDSON V. NATIONWIDE**

**PRIVILEGE LOG**

| No. | Article | Privilege Claimed | Reason |
|---|---|---|---|
| 1 | Property loss notice | No | |
| 2 | Rough site visit notes – A.Webber | No | |
| 3 | Correspondence to/from State Fire Marshall | No | |
| 4 | East Greenwich Police/Fire reports | No | |
| 5 | Correspondence to A.Webber to Richardsons and counsel (8-20-02 – 2-23-04) | No | |
| 6 | 110 photographs taken by East Greenwich Fire Department and A. Webber | No | |
| 7 | Summons and complaint served on Nationwide | No | |
| 8 | Proof of loss submitted 1-30-04 | No | |
| 9 | Proof of loss/miscellaneous documents from USAA claim | No | |
| 10 | Adrien & Son (expert notes) | Yes | Attorney-client/work product |
| 11 | Class log notes – A. Webber; supervisory personnel | Yes | Attorney-client/work product |
| 12 | Miscellaneous financial records received from plaintiffs' counsel post law suit | No | |
| 13 | Transcripts of Mr. and Mrs. Richardson; Mr. Wisemen; Mr. Flaherty and Mr. Webber | No | |
| 14 | Correspondence from defense counsel Reynolds, DeMarco & Boland, Ltd. (post suite) | Yes | Attorney-client |
| | | | |