UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and WILLIAM RICHARDSON, JR. | : | |
| vs. | : | C.A. No. 04-74ML |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

## DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY'S, MOTION TO STRIKE PLAINTIFFS' EXHIBITS 14 AND 15 AS FULL EXHIBITS

Now comes the defendant, Nationwide Mutual Insurance Company, and requests that this court strike plaintiffs' Exhibits 14 and 15 as full exhibits. The defendant relies upon a memorandum and case law which are attached.

Respectfully submitted,

John M. Boland, Esquire #2945
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

I hereby certify that on the 14th day of September, 2005, I hand delivered a copy of the within to Honorable Mary M. Lisi, United States District Judge, United States District Court, District of Rhode Island, John O. Pastore Federal Building, Two Exchange Terrace, Providence, RI 02903 and Thomas A. Tarro, III, Esquire, The Summit East – Suite 330, 300 Centerville Road, Warwick, RI 02886.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN RICHARDSON and WILLIAM RICHARDSON, JR. | : | |
| vs. | : | C.A. No. 04-74ML |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY'S, MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS

During the course of the direct testimony of Karen Richardson, the plaintiff moved to introduce Exhibit 14 (customer furniture) within its care, custody and control) and Exhibit 15 (furniture replaced by the plaintiffs after the fire). An objection was raised concerning the acceptance of these exhibits as full exhibits. The objection was based upon the fact that these items are considered covered property under the Property Coverage Form which includes both property of others that is in your care, custody or control. This property as covered property would be subject to the contents limit of $20,000.00. These exhibits were admitted as full exhibits upon the representation that these items could be shown to be covered under the extra expense coverage.

On cross-examination, Mrs. Richardson testified that these items were either purchased in full before the fire or deposits were given by the customers before the fire. The items in question were in the garage at the time of the fire. No evidence was presented as to why or how these items could be considered as covered under the extra expense portion of the policy.

The defendant attaches the case of *Nassau Gallery, Inc. v. Nationwide Mutual Fire Insurance Company*, 203 WL 21223843 (Del. 2003). In *Nassau Gallery*, a similar issue

was before the court. The covered property coverage had been exhausted. An attempt was made to have certain expenses covered as extra expenses. The court stated:

> Additional Coverage protects an insured from specific losses, it is not a means to circumvent otherwise valid policy limitations. *Id.* at 4.

The court noted that the reconstruction expenditures sought were related to the policy's primary coverage and not the extra expense provisions. The court went on to note that Nationwide was not responsible for the insured's failure to obtain adequate insurance coverage nor for those losses exceeding the policy's primary coverage limit including reconstruction expenses. Unfortunately, the items which the plaintiff seeks as extra expenses are related to the policy's primary coverage.

The court has ruled that the policy limit in this case is $20,000.00. The $20,000.00 check has been physically tendered to the plaintiffs. To allow these exhibits remain as full exhibits and to be before the jury at the time of their deliberations would be misleading and would tend to confuse the jury as to what damages should be considered.

It is respectfully requested that the court strike Exhibits 14 and 15 as full exhibits.

Respectfully submitted,

John M. Boland, Esquire #2945
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATION

I hereby certify that on the 14th day of September, 2005, I hand delivered a copy of the within to Honorable Mary M. Lisi, United States District Judge, United States District Court, District of Rhode Island, John O. Pastore Federal Building, Two Exchange Terrace, Providence, RI 02903 and Thomas A. Tarro, III, Esquire, The Summit East – Suite 330, 300 Centerville Road, Warwick, RI 02886.

Susan Auclair